IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 29, 2012

**STATE OF TENNESSEE v. JOSHUA SHELL**

**Direct Appeal from the Criminal Court for Union County**
**No. 3548-C     E. Shayne Sexton, Judge**

**No. E2011-01599-CCA-R3-CD - Filed July 25, 2012**

Defendant, Joshua Shell, appeals from the trial court's order which revoked Defendant's probation and ordered him to serve by incarceration his effective sentence of four years for one count of burglary, three counts of vehicle burglary, and four counts of theft. The State concedes error in the trial court's proceedings and admits the case must be remanded for a probation violation hearing. We agree and reverse the judgment of the trial court and remand for a probation violation hearing.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

Bryce W. McKenzie, Sevierville, Tennessee, for appellant, Joshua Shell.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William Paul Phillips, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A probation violation warrant was filed against Defendant, and it alleged that he had violated his probation by absconding, failing to report to his probation officer, failing to submit to random drug screens, being in arrearage on monthly probation supervision fees, and by failing to pay costs, fines, and restitution as ordered by the court. Defendant was arrested pursuant to the warrant approximately fourteen months after it was filed. Fifteen

days later Defendant appeared, without counsel, before the trial court. The entire proceedings of that court appearance are as follows:

[Assistant District Attorney]: 3548, *State v. Joshua Shell*.

THE COURT: The violation states that you absconded from probation supervision; is that correct?

DEFENDANT: Yes, sir.

THE COURT: How long was he out?

[PROBATION OFFICER]: He has not reported since 8-26 - - excuse me, that's incorrect. He's not reported since February 23rd, 2010.

THE COURT: Year - - going on a year and a half. What is the history of supervision?

[PROBATION OFFICER]: This is actually Mr. Shell's, I believe, third violation of probation. He also has a new conviction in Knox County. He was charged with burglary, it was pled down to theft under 500. He's received misdemeanor probation which currently has a pending violation on it.

The other two violations, I believe one - - well, I know for sure was dismissed. I believe the other, he was ordered to serve some time in jail and then was ultimately put back on probation.

THE COURT: So the first one was dismissed. In other words, we didn't get a disposition?

[PROBATION OFFICER]: Correct.

| | |
|---|---|
| DEFENDANT: | I thought both of them was [sic] dismissed. |
| THE COURT: | Well, I mean - - |
| [PROBATION OFFICER]: | I believe the first one there was some problem. I had transferred Mr. Shell to Knox County, and his probation officer at the time was not able to give me - - had not been in contact with me and was not able to give - - he was not here in Court was not able to give me an update on how he had been doing, so ultimately, that violation was dismissed because the probation officer failed to provide any proof. |
| THE COURT: | Well, at any rate, we've got new charges, we have new convictions, we have a year and a half of absconding. This is a total failure of probation. This Court's gonna remand. You'll be given credit for whatever time that you've served on this charge and sentence, but the Parole Board will decide when you're released. |
| [PROBATION OFFICER]: | Thank you, your Honor. |
| THE COURT: | All right. |

The witness was not sworn, and the Defendant was not allowed to cross-examine her. In its brief, the State gives the following statement with which we totally agree:

The defendant in this case was denied his right to due process at the probation revocation hearing. Although the defendant answered "Yes, sir," when the court asked him whether the violation stated he had absconded from supervision, the defendant's response was not an unequivocal statement that he had actually absconded. (III, 5.) The defendant appeared to have been agreeing with the court that the violation warrant alleged he

had absconded. For that reason, the defendant was not admitting that he had violated his probation. Because the defendant was not afforded the opportunity to cross-examine the probation officer, and he was not allowed to call any witnesses to testify on his behalf, the defendant was denied his right to due process his probation revocation hearing. (III, 5-6).

In *Practy v. State*, 525 S.W.2d 677 (Tenn. 1974), our supreme court stated, "[t]his State's procedure for revocation of sentence suspension and probation is an orderly one affording a probationer full protection of his constitutional right to due process." *Id*. at 682. Tennessee Code Annotated section 40-35-311(b) provides in part that a defendant at a probation violation hearing "is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf." Because a defendant's conditional freedom from incarceration is at risk during a probation violation hearing, a defendant must be afforded due process in the revocation proceeding. *State v. Wade*, 863 S.W.2d 406, 408 (Tenn. 1993).

Defendant is entitled to relief in this appeal. The judgment must be reversed and the case must be remanded to the trial court for a probation violation hearing.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded the trial court for a hearing not inconsistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE

-4-